## WORRALL *vs.* PARMELEE.

The declarations of a former owner of personal property are not admissible in evidence to prove a sale of such property to a party claiming under him.

And where such evidence was duly objected to, and the party objecting afterwards called as a witness the person whose declarations had been given in evidence, and examined him in regard to the alleged sale; *held,* no waiver of the objection.

An error in the court below, which on its face could do no possible injury, is no cause for reversing a judgment. But where the error is in the admission of illegal evidence which bears in the least degree on the result, it cannot be disregarded. *Per* JEWETT, C. J.

Accordingly, where illegal evidence tending to establish a certain fact was received after objection duly made; *held,* that the error could not be disregarded, although the party objecting afterwards introduced evidence which tended to establish the same fact.

ON error from the supreme court. Richard W. Parmelee sued William H. Worrall, in July, 1846, before a justice of the peace, and declared in trespass for entering his close and cutting down and carrying away a field of rye. The defendant pleaded not guilty, and gave notice that he would show a license to enter from the grantor of the plaintiff, and that the rye was his property.

On the trial the plaintiff proved that he was in possession of the premises at the time of the alleged trespass, which was about July 1, 1846, and that he had been in possession since the 1st of May previous; also that the defendant entered and cut and carried away the rye after being forbidden so to do. The plaintiff then rested.

The defendant proved that the rye was sown by one Brower, who had been a tenant of the premises under one Gridley from whom the plaintiff received the possession, and that as such

tenar Brower was entitled to the crop. The defendant then offered to prove certain declarations of Brower to the effect that he had sold the rye to the defendant. This was objected to, but the justice overruled the objection, and the evidence was thereupon given.

The plaintiff then called the said Brower as a witness, and proved by him that he sold the rye to the plaintiff after the first of May, 1846. The plaintiff also *examined the witness in regard to the alleged sale to the defendant, and his evidence on that subject tended strongly to show that before the 1st of May he had sold the rye to the defendant:* The justice rendered judgment for the defendant, which being removed into the common pleas by *certiorari,* was affirmed in that court. The plaintiff brought error into the supreme court where the judgment was reversed. The defendant brings error to this court.

*J. H. Weeks,* for the plaintiff in error.

*C. W. Swift,* for the defendant in error.

JEWETT, C. J. It may be inferred from the facts proved, that prior to April or May, 1846, Gridley was the owner of the land on which the trespass is alleged to have been committed by the defendant, and that while thus being the owner, Brower had occupied the premises as his tenant until some three months prior to May, and had sowed it with rye; to whom the crop belonged at the time Gridley sold and delivered possession of the premises in April or May to Parmelee. It does not seem, from the justice's return, that Parmelee claimed to have become the owner of the rye as purchaser of the land on which it was then growing. But he, as well as Worrall, respectively claimed the crop as purchasers from Brower. Parmelee showed that prior to and at the time of the alleged trespass he was in the actual possession of the premises, that the defendant entered upon the land, cut and carried away the rye, of the value of from $30

Worrall *v.* Parmelee.

to $40; and then rested; having clearly shown a *prima facie* right to recover for the injury sustained.

The defendant then attempted, in his defence, to show that he was the owner of the rye by purchase from Brower. To do this he proposed to give in evidence the declarations of Brower to that effect. The plaintiff objected to such evidence as incompetent; but the justice overruled the objection and admitted the evidence. The defendant then proved by two witnesses that Brower on two different occasions in effect said that he had sold the rye to the defendant, and then rested his defence. The plaintiff introduced Brower as a witness, who testified that the bargain which he made with the defendant for the sale of the rye, was a conditional one, that is, he was to pay him a certain sum for it the first of May, which he failed to do, and had not at any time paid him; that after the first of May he sold the rye to the plaintiff, who paid him for it.

The decision of the justice upon the objection taken to the admission of the evidence of Brower's declarations, was clearly erroneous. Such evidence is nothing more than hearsay (*Paige* v. *Cagwin,* 7 *Hill,* 361; *Beach* v. *Wise,* 1 *id..* 612.)

But it is insisted in behalf of the defendant, that the plaintiff waived his objection to such evidence, by introducing Brower as a witness in the cause; upon the principle that the case shows that there is enough, exclusive of the illegal evidence, to sustain the judgment of the justice. There are many cases which hold that an error in the court below, which on its face and by legal necessity, could do no injury, is not cause for a reversal of the judgment. But where the error is in the admission of illegal evidence which bears in the least degree on the question in issue, it cannot be disregarded. (*The People* v. *Wiley,* 3 *Hill,* 194, 214.) So also where the sole question on a bill of exceptions turned on the competency of a witness produced to testify to a fact fully proved by two other witnesses, it was held that the court could not reject the evidence of such witness as unnecessary, on the ground that it was impossible to say that the jury disregarded it; and the witness being ad-

judged incompetent, the judgment in the court below was reversed. (*Marquand* v. *Webb*, 16 *John.* 90.)   And to the same effect is the case of *Osgood* v. *The President and Directors of the Manhattan Co.* (3 *Cowen*, 612.)   The judgment of the supreme court should be affirmed.

Judgment affirmed.