## WILSON *v.* WILSON.

December, 1868.

An agent can not retain for himself, any of the profits or advantages of a contract made by him, except by the principal's consent, given with full knowledge of the facts.

The common law rule that the admission of incompetent evidence is ground for reversal unless it appears that the appellant could not have been injured by it,—applied.*

Admission of evidence, which in itself, is immaterial and, therefore, by the general rule, no ground for reversal becomes a ground of reversal, if subsequent testimony of the unsuccessful party, upon a material point is inconsistent with it, and it may have had weight in discrediting such testimony, and leading to the judgment appealed from.

Elisha R. Wilson sued Benjamin F. Wilson, to recover back money obtained by fraud. Plaintiff and defendant desired to purchase land which had been advertised for sale by Henry Van Rensselaer. Defendant called on plaintiff, and proposed that they purchase together, at private sale, previous to the advertised auction. He represented that he could buy cheaper than any one else. Each wanted a part of the land advertised, and defendant said he would buy the part plaintiff wanted for

---

* Compare however, People *v.* Gonzalez, 35 N. Y. 49.

plaintiff, as cheap as he could, and would charge nothing for his services. Defendant afterwards reported to plaintiff that he had bought the fifty acres which plaintiff desired, at fifteen dollars per acre, at which rate plaintiff paid the defendant. In reality defendant had bought at ten dollars per acre, and had kept the difference in price.

Upon the trial a witness, a stranger to the transaction, was allowed to testify that defendant had told witness that he had paid Van Rensselaer fifteen dollars per acre. It did not appear that this statement was ever communicated by witness to plaintiff. Defendant was subsequently examined as witness in his own behalf, and contradicted this statement, and contradicted the charges of fraud, by denying his agency and claiming that he purchased of Van Rensselaer in his own right.

*The supreme court,* at general term, affirmed a judgment for the plaintiff, and defendant appealed.

GROVER J.—The referee found in favor of the plaintiff, upon the only material question of fact controverted upon the trial. That question was, whether the defendant agreed to purchase the lands in question of Van Rensselaer, as agent of and for the plaintiff, and received money from the plaintiff for that purpose, as claimed by the plaintiff, or whether the defendant himself agreed to sell such lands to the defendant for fifteen dollars per acre, and procure from Van Renseslaer a deed or contract for the same to the plaintiff for that price, as claimed by the defendant.

The testimony upon this question was conflicting, and the conclusion of the referee thereon can not be disturbed by this court. The legal conclusion drawn by the referee from the facts found was correct. If the defendant agreed to purchase the land as agent for the plaintiff, the former was bound to refund to the latter all the money he had received, except what he actually paid upon the purchase of the land. An agent is bound to exert his care and skill in making as good a bargain as practicable for his principal, and can not retain for himself any of the profits or advantages of a contract made by him, without the consent of the principal, given with a full knowledge of all the facts. *Dunl. Pal. Ag.* p. 32, following Moore *v.* Moore, 5 *N. Y.* 256.

Wilson *v*. Wilson.

The judgment of the supreme court affirming the judgment of the referee was right, unless the referee erred in receiving or rejecting evidence, having a bearing upon the question of fact litigated by the parties. There was no dispute upon the trial as to the price paid by the defendant to Van Rensselaer for the land ; that was ten dollars per acre. The plaintiff was permitted to prove by a witness, that the defendant told her he paid fifteen dollars an acre therefor. This evidence was wholly immaterial upon any of the direct issues of fact litigated by the parties, and although erroneously admitted, could not have worked any injury to the defendant, and would therefore furnish no ground for the reversal of the judgment. But the defendant was introduced as a witness in his own behalf and gave material evidence in his own favor, which, if fully credited by the referee, must have induced a report in his favor upon the questions of fact. His credibility thus became a material issue, and any evidence erroneously received, tending to impair it, furnished ground for a valid exception. The evidence received in this case, did tend to destroy the credibility of the defendant as a witness. It tended to prove that he had told a falsehood as to the price paid for the land. This may have induced the referee to discredit his testimony ; as it appears from the report, he actually did discredit it. The evidence was not introduced to contradict any testimony given by the defendant upon the trial, as he had given no evidence in conflict with it. Its only possible effect was to prove that the defendant had told a falsehood to the witness as to the price paid by him for the land, there being no dispute upon the trial or issue upon the pleadings upon that question. The evidence was clearly incompetent, and we have seen that it may have produced injury to the defendant. The legal rule is, that where incompetent evidence is received, to which the proper exception is taken, the judgment must be reversed, unless it appears from the case that such evidence could not have injured the party. Worrall *v*. Parmelee, 1 *N. Y.* 519.

Applying this rule, the judgment must be reversed and a new trial ordered, costs to abide event.

All the other judges concurred, except CLERKE, J., who dis-

sented on the ground that the testimony in question showed the *animus* of the defendant, and tended to show that testimony which plaintiff had given to the same effect was true.

Judgment reversed, and new trial ordered, costs to abide event.