Allen, J.
 

 There was a conflict of evidence as to the circumstances under which the plaintiff received the injury
 
 *85
 
 complained of, and bearing upon the question of negligence on the part of the defendant, and whether the plaintiff was chargeable with contributory fault. That the verdict is supported by evidence and cannot he disturbed by this court as wholly without proof, is not controverted by the counsel for the appellant. The question of fact, litigated upon the trial and submitted to the jury, was whether the plaintiff attempted to get off the cars while they were in motion, and in making the attempt fell under the cars, or whether after the cars had become stationary he made the attempt and was thrown by a sudden and unexpected starting of the train, and there is no complaint that the question was not fairly submitted to the jury with proper instructions. The jury have found upon evidence warranting the verdict, if believed, that the train had stopped and was not in motion when the plaintiff opened the door, and was in the act of going out and down upon the ground in the usual and ordinary manner, and was thrown •from the platform by the sudden jerking of the car, and that the" injury was the result of negligence on the part of the defendant’s servants and agents. The jury have also by their verdict necessarily found, that the plaintiff was free from any negligence or fault contributing to the injury. Under the instructions, they could not have rendered a verdict for the plaintiff without finding that fact. The plaintiff, at the time of the accident, was twelve years of age, and being unable to find a seat in the car with his mother, by her permission went to the smoking car, and finding a seat there, remained in it until the train reached Rome, when in the effort to leave the car to return to his mother he received the injury in the manner described by the witnesses. It was not
 
 per se
 
 a negligent act on the part of the mother to permit a lad of that age, of ordinary capacity, to go from one car to another under the circumstances and for the purpose stated. It was submitted to the jury to determine whether there was anything in the youth, the inexperience or the want of ability of the plaintiff to take proper care of himself, which in the absence of the protection and guidance
 
 *86
 
 of his mother, produced the injury, or contributed to produce it, and if there was, they were instructed to find for the defendant. This was as favorable a submission of the question as the defendant could have asked, and the jury have found adversely to the defendant upon it. Upon the trial the defendant was only held to the degree of care which the law exacts from carriers of persons in respect to all, and the plaintiff was held to the exercise of the same circumspection and care of his own person, and the same degree of responsibility for his own ants as is required of adults under the same circumstances. The jury have exonerated the plaintiff from all fault and negligence, and have charged the injury wholly to the negligence of the defendant. The verdict is well supported by the evidence, and the motion to dismiss the complaint at the close of the evidence was properly denied. The newspaper account of the transaction, as published in “ The Seneca County Courier ” a day or two thereafter, prepared by the publisher of the paper from-accounts he received at Rome, on the day of the accident, was properly excluded. The author of the article was examined as a witness, but had no distinct recollection of anything that was said to him at Rome, and could not tell from whom principally he received his information; he talked with them all, the plaintiff and his father and mother. He talked with the plaintiff about it, and supposed he learned from him, but could not remember anything distinctly that he said, and in the course of his testimony said :
 
 “
 
 I can only say what I published then; these are the facts that I got at Rome. I cannot state distinctly whom I got them from. I talked with different persons. I was there all the evening at the hotel. Of course there was a great deal of excitement and talk about it.” The witness, after his recollection had been refreshed by reading the article, was unable to testify that he received the statement sought to be given in evidence from the plaintiff, or from whom he did receive it. The article did not purport to be, and was not, in truth, a statement of a conversation with, or declarations made by, the plaintiff,
 
 *87
 
 and was not a memorandum made by the witness of a particular conversation at or near the time it was had, and which the witness could state under oath was a correct memorandum of such conversation. It was not, therefore, competent as evidence of a statement made by the plaintiff, material to the issue, or inconsistent with his testimony on the trial. The printed paper was not the original memorandum made by the witness; neither did he, nor could he, testify that the article, or the copy from which it was printed, was a correct memorandum or reproduction of the statement of the plaintiff, and it is not within the principle of any of the cases relied upon by the defendant. In all the cases, the original memoranda have been produced, and the persons by whom they were made have vouched for their correctness.
 
 (Grey
 
 v.
 
 Mead,
 
 22 N. Y., 462;
 
 Halsey
 
 v.
 
 Sinsebaugh,
 
 15 N. Y., 485;
 
 Russell
 
 v.
 
 Hudson R. R. Co.,
 
 17 id., 134.) The article was but a summary of the facts collected by the writer from all sources, or rather of his understanding of the facts. After the defendant had given in evidence, declarations of the plaintiff and of his mother in his presence, made in the presence of Dr. Pope and others, which it was sxxpposed might be claimed to be inconsistent with the statements of the plaintiff as a witness, the plaintiff recalled J. W. Hurlbert, who had taken the plaintiff from under the cars, and had testified that he thought he had his hands on him from that time until the amputation, and examined him as to his recollection of conversation and declarations of and in the presence of the plaintiff during that time, and then propounded this question:
 
 “
 
 Did he state on that occasion (immediately on cax-rying him in), that the way the accident happened was, that he was standing on the threshold of the car and that the cars were jerked up and threw him under the train and that they ran over him, or in substance that
 
 1
 
 ” To which the answer was: “ That was the substance of his reply.” The question was objected to as leading, and that it was incoxnpetent to prove the plaintiff’s declai’ations. The evidence was not inconsistent with the declarations proved by the defendant, but it did tend to corro
 
 *88
 
 borate testimony of the plaintiff by the fact that his statements had been consistent. This was not allowable. The conversation was not proved to have been a part of the same given in evidence by the defendant. Had it been so, the evidence would have been competent. The plaintiff could have proved the whole of a conversation, a part of which the defendant had given in evidence, if it was connected and all related to the same subject.
 
 (Bears
 
 v.
 
 Coply,
 
 10 N. Y., 93.) But the case shows no connection between the declarations and conversations proved by the defendant, and those proved by the witness, Hurlbert, or that they were simultaneous. The admission of this evidence was error. It was within the discretion of the judge at the trial to suffer a question, leading in form, to be put, and the judgment will not be reversed for an error in that respect.
 
 (Walker
 
 v.
 
 Dunspaugh,
 
 20 N. Y.,
 
 170.)
 

 The evidence of negotiations for a settlement of the claim with the officers of the defendant for several years after the injury, was competent in explanation of the delay in bringing the action which had been brought out by the defendant; and which, but for the explanation, might have prejudiced the .plaintiff.
 

 The judgment for the error in the admission of evidence of the statements of the plaintiff to Hurlbert, must be reversed and a new trial granted.
 

 All concur.
 

 Judgment reversed.