# N. Y. SUPERIOR COURT.

SETH DRIGGS, plaintiff and respondent, agt. SILAS C. SMITH, defendant and appellant.

Where a witness on the trial testifies clearly and distinctly to certain material facts, a *written memorandum* of such facts, made by him at or about the time they transpired, cannot be properly received in evidence to assist the recollection of the witness. The reception of such memorandum in evidence, after objection, is ground for a new trial.

It is otherwise where the witness is unable from memory alone to testify to such facts. The written memorandum may then be allowed as an auxiliary or aid to the witness.

*General Term, June,* 1873.

*Before* FREEDMAN, CURTIS *and* VAN VORST, *JJ.*

APPEAL from judgment entered upon the report of a referee.

The action was brought to recover the sum of $835.30, with interest, under the following circumstances:

On the 7th July, 1870, the plaintiff borrowed of the defendant, at the city of New York, $2,082.73 for the term of six months, and agreed to pay the defendant as interest for the said period the sum of $500. To secure the repayment of said money so loaned and said interest the plaintiff executed, as for said interest, two promissory notes, each for the sum of $250, and each payable to the order of Fannie T. De Reeve, one of them payable in three months and the other in six months, each bearing lawful interest from the date thereof, July 7th, 1870, which notes, after indorsement thereof by the said payee thereof, were delivered by plaintiff to said defendant, and that plaintiff also executed and delivered to said

defendant a chattel mortgage, wherein the said Fannie T. De
Reeve joined, on the furniture in the house known as No. 74
University place, owned by plaintiff and leased to said Fannie
T. De Reeve, to secure the repayment of said principal sum so
borrowed and said usurious interest, and also at the same
time, as additional security for the same, caused to be assigned
to defendant a chattel mortgage held by John W. Mitchell of
said city, executed by said plaintiff and said De Reeve, on the
same property in part described in the first mentioned chattel
mortgage, and also delivered to said defendant, as additional
security for said sum so borrowed and said interest, ten bonds,
with coupons attached, of the Portage Lake and Lake Superior
Ship Canal Company, issued July 1st, 1865.

Shortly after the maturity of the loan plaintiff made a ten-
der which was more than sufficient to cover the principal sum
borrowed, with lawful interest thereon.   Defendant refused
to accept it, and plaintiff finally, to wit, on the 21st of Janu-
ary, 1871, paid, under protest, the sum of $2,996.58, which
sum included the principal sum borrowed ($2,082.73), the sum
of $500 for interest, and the further sum of $400.73, which
last named amount the defendant extorted under a threat to
foreclose the mortgage.

Defendant denied that there was any agreement to pay
usury, and alleged that he procured for and loaned to plain-
tiff on or before July 7th, 1870, sums amounting to $2,496.58,
and that the mortgages aforesaid were taken to secure said
sum and the payment of certain services which he undertook
to perform for plaintiff.   He also claimed that said sum of
$2,496.58, with interest, and the value of services performed,
amounted on January 21st, 1871, to more than $2,996.58; but
that on the tender of said amount, being the amount of the
mortgages, he canceled the same.

The referee found for the plaintiff, and gave judgment for
the amount claimed and interest, and the defendant appealed.

FISHER A. BAKER, *for appellant.*
T. C. CAMPBELL, *for respondent.*

*By the Court,* FREEDMAN, *J.*—The testimony given by the
parties on the trial as to the amount actually loaned was con-
flicting.    Plaintiff testified that on a certain day in the month
of July, 1870, he borrowed from the defendant $1,887.68,
which he received through Mitchell, and $195.62, which he
received from the hands of the defendant.    His counsel then
produced a paper and requested plaintiff to look at it, and to
state what it was.    Plaintiff, in pursuance of such request,
made the following statement:

"About a week after the loan was made I called on Mr.
Smith, the defendant, and asked the exact amount of money
received from him, as I had no memorandum of it.    He told
me $1,887.68 as the amount paid by him to Mitchell, and
$195.65 paid in money to me.    I wrote it down on *this* piece
of paper on his desk, and that was all the money received
by me."

The contents of the paper were as follows: "Cash from
Silas C. Smith, by Mrs. De Reeve, $195.65; two notes of
$250 each, payable in three and six months, for the interest
on $1,887.68 for six months."

The paper was thereupon offered in evidence.    Defendant's
counsel objected to it as irrelevant and incompetent, for the
reason that it did not appear that witness's recollection was
not clear and distinct, but that he having testified in detail,
the contrary appeared.    The objection was overruled and the
paper admitted.    Defendant excepted, and, on appeal, rested
his entire case upon such exception.

As shown in *Guy* agt. *Mead* (22 *N. Y.*, 462), the doctrine
of the courts of this state originally was that such a paper
could not be given in evidence as an independent piece of
testimony.    The rule was that it might be referred to by a
witness to refresh his money, but that he must then swear to
the truth of the facts or his statement would not be evidence.

Subsequently it was held that original entries might be read in evidence, though the witness had forgotten the fact attested by them; but the rule was restricted to entries made by the witness in the course of his business.

In *Halsey* agt. *Sinsebaugh* (15 *N. Y.*, 485), the rule was still further relaxed, and the principle first stated in *Cowen and Hill's Notes to Phillips' Evidence* (*note* 528 *to p.* 290), " that an *original* memorandum, made by the witness *presently after* the facts noted in it transpired, and proved by the same witness at the trial, may be read by him, and is evidence to the jury of the facts contained in the memorandum, although the witness may have totally forgotten such facts at the time of the trial," was adopted without reservation and laid down as the law of this state.

In *Russell* agt. *The Hudson River Railroad Company* (17 *N. Y.*), 134, SELDEN, J., who had delivered the opinion of the court in *Halsey* agt. *Sinsebaugh*, restated the rule to be that " a witness who says that, after refreshing his memory by a written memorandum made by himself at or about the time of the occurrence, he cannot recollect the facts, but that he is confident that he knew the memorandum to be correct when it was made, is not required to swear to the facts in positive terms, but the memorandum itself is received in connection with and as auxiliary to the oral testimony." At the same time, however, it was held, with the concurrence of all the judges, that " it is an indispensable preliminary to the introduction of such a memorandum in evidence that it should appear, as it did in the case of *Halsey* agt. *Sinsebaugh* (*supra*), that the witness is unable without the aid of the memorandum to speak from memory as to the facts. It is only as auxiliary to, and not as a substitute for the oral testimony of the witness, that the writing is admissible. It is the duty of the court in all such cases to see, before receiving the memorandum in evidence, that it was made at or about the time of the transaction to which it relates, that its accuracy is duly certified by the oath of the witness, and that there is a necessity

for its introduction on account of the inability of the witness to recollect the facts." And as it appeared that the witness had a distinct recollection of all the facts, independently of the memorandum, the latter was held to have been improperly admitted, and the judgment was, for that reason, reversed and a new trial ordered.

As thus settled, the rule is still in force (*Brown* agt. *Jones*, 46 *Barb.*, 400 ; *Meacham* agt. *Pell*, 51 *id.*, 65). None of the authorities cited by the respondent has worked a change in it. In *Guy* agt. *Mead* (22 *N. Y.*, 462), in which the judgment was reversed on account of the exclusion of the memorandum, the witness had testified that he had no recollection independently of the writing. In *Philbin* agt. *Patrick* (6 *Abb.* [*N. S.*], 284), and in *Lewis* agt. *Ingersoll* (1 *Keyes*, 347), the admission of the memorandum was upheld, because the proper foundation had been laid. In *Marchy* agt. *Schults* (29 *N. Y.*, 346), and in *Downs* agt. *N. Y. Central R. R. Co.* (47 *N. Y.*, 83), the memorandum was rejected on account of its not being the original. The case of *The Townsend Manuf. Co.* agt. *Foster* (51 *Barb.*, 346) appears to have been decided upon the authority of *Halsey* agt. *Sinsebaugh* (*supra*) ; and the point, that a foundation for the introduction of the memorandum must be laid, was not raised at all.

It is clear, therefore, that in the case at bar, the memorandum was improperly admitted. It was incompetent evidence ; and as it fully appears that it did not relate to a comparatively or relatively unimportant branch of the case, but to a highly material point, in fact to the point upon which the case turned, and in respect to which it tended to corroborate plaintiff's version, the error cannot be disregarded ( *Worrall* agt. *Parmelee*, 1 *N. Y.*, 519 ; *Williams* agt. *Fitch*, 18 *id.*, 546). The decision in *Murray* agt. *Smith* (1 *Duer*, 412), as shown in *Wilmot* agt. *Richardson* (6 *id.*, 328 [339]), was reversed by the court of appeals solely on the ground that the admission of incompetent evidence, bearing upon the

issues and duly excepted to, constitutes error, which entitles the party excepting to a new trial. That the question has been presented by a bill of exceptions, instead of a full case, is no ground for a departure from, but rather a reason for adherence to the last named rule; because, without the whole evidence before us, it is impossible to say that the admission of the memorandum did not prejudice the defendant in the estimation of the referee.

The judgment must be reversed, the order of reference vacated and a new trial ordered, with costs to appellant to abide the event.

CURTIS and VAN VORST, JJ., concurred.