By the Court.—Freedman, J.
The printed case does not contain all the evidénce that was taken before *435 the referee, and yet it sufficiently appears from it that there was evidence which justified the referee in finding the facts that he has found. Consequently, such findings, if free from error in the reception and rejection of testimony, can not be disturbed.
But the exceptions disclose several errors in that respect.
On the question of damages, the plaintiffs first called Israel Gr. Rice, who testified that he was a solicitor of patents at Cambridge, Mass., and one of plaintiffs’ directors ; that he could not give the exact value of the attachment; that it cost over one thousand dollars, nearly one thousand five hundred dollars, and that the attachment and press together were worth one thousand two hundred and fifty dollars.
The plaintiffs then called Edmund Rice, the president of the company, who, after having testified that this attachment was the first one -made; that it was gotten up expressly for exhibition ; that he could not say positively whether this one was the first one sent out; that it was the first one made, and, as he believed, the first one sent away ; and that steel bars had been used for this, when cast iron had been used for the others, was asked the following question : “Have you sold similar attachments to the one in question f ’ The defendants’ counsel objected to the question, but the referee overruled the objection, and the witness, against defendants’ exception, answered that he had. Plaintiffs’ counsel then asked : “ For how much ?” Defendants’ counsel objected to the question on the ground, “that it called for immaterial testimony, and that which was improper, in that the market value of the machine was the only proper criterion, and this did not show the market value.” The referee overruled the objection, and the witness, against defendants’ exception, answered: “For two hundred and seventy-five dollars.” This ruling was clearly erroneous, as it *436 raised a collateral issue leading to a comparison between attachments -that were somewhat, but not exactly, alike (Gouge v. Roberts, 53 N. Y. 619).
Plaintiff’s counsel then recalled the witness, Israel G. Bice, and such witness testified as follows: “The debris of the machine was sent back to Boston to Messrs. Hartnett & Solomon, who were printers’ machinists at Boston. They stated that it was so injured as to be worth only fifty dollars.” The defendants’ counsel duly objected to the last statement as hearsay and incompetent, and moved to strike it out on that ground. But the referee overruled the objection and denied the motion, to each of which rulings the defendants separately excepted. The witness answered: “They purchased it at that sum, the highest price plaintiff could obtain therefor.” There can be no doubt that these rulings involved another error.
The question therefore arises whether these errors are of sufficient importance to call for a reversal of the judgment. The referee adopted as the measure of damages in this case the difference between the value of the press and attachment when inj ured and the value of the same after the injury. It has been conceded that by this he did not mean market value. Indeed, no evidence of any market value was given. The theory of the referee evidently was, that as the machine with the attachment was a new invention and the first of its kind, it had no market value as such, and that, consequently, it was proper to adopt the value of the labor and materials expended and used in making it.
Assuming, but not deciding, that he was correct in this, for the question is not free from doubt, especially as no foundation seems to have been laid by competent proof for the application of such rule, the first error, which was committed in the reception of evidence as to the price obtained for other attachments, might perhaps be overlooked. But I do not see how *437 the second error can be disregarded. The case ex-, pressly states • that the testimony of Israel Gr. Rice thus erroneously admitted was all the testimony tending to show the pecuniary value after the injury. As to such value it consisted of hearsay, and as to the inability of the plaintiff to obtain more than fifty dollars, it consisted of a mere conclusion. It was clearly incompetent. But the referee not only admitted it, but he also adopted it as the basis for his finding as to such value. A new trial must therefore be ordered. Worrall v. Parmelee, 1 N. Y. 519 ; Williams v. Fitch, 18 N. Y. 546.
The decision in Murray v. Smith, 1 Duer, 412, as shown in Wilmot v. Richardson, 6 Duer, 328 (339), was reversed by the court of appeals solely on the ground that the admission of incompetent evidence, bearing upon the issues and duly excepted to, constitutes error which entitles the party excepting to a new trial.
The judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs, to appellants to abide the event.
Monell, Oh. J. and Sedgwick, J. concurred.