HEALEY v. MAYOR OF NEW YORK.

*Negligence — intoxication not negligence per se. Contributory negligence — question of fact.*

Plaintiff was injured by falling at night from the sidewalk of a city street into a sunken lot. The walk was out of repair and unguarded through the negligence of the city. *Held*, (1) that the fact that plaintiff was at the time intoxicated did not preclude a recovery for the injury unless such intoxication contributed thereto; and (2) that whether it did so contribute was a question of fact for the jury.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought by Edward Healey against the Mayor, Aldermen and Commonalty of the city of New York, to recover for personal injuries sustained by plaintiff in consequence of falling into a sunken lot adjoining a sidewalk upon Forty-third street, in said city. The facts fully appear in the opinion.

*E. Delafield Smith* and *D. J. Dean*, for appellant. Upon the question of contributory negligence, cited *Tonawanda R. R. Co.* v. *Munger*, 5 Denio, 255; *Daycomb* v. *Buffalo R.R. Co.*, 27 N.Y. 221; *Clark* v. *Eighth Ave. R. R. Co.*, 36 id. 135 ; *Smith* v. *First Nat'l Bank*, 99 Mass. 605.

*E. Y. Bell* and *George Bell*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. The plaintiff recovered a judgment against the defendants for injuries received while walking down Forty-third street toward the Eleventh avenue. The sidewalk at the point where he fell had fallen away into the sunken lot below it, and the flagstones, which were about four feet in width, had become displaced and broken. This had been the condition of the walk for a long time. There was no guard to protect the passer-by, and the negligent state of the walk was a question about which there could be no doubt. The plaintiff was, it is claimed, intoxicated, and there is reason to suppose that he was, at the time of the accident, although the evidence is conflicting on that subject, though not sufficiently so, to create any serious doubt of the fact. It may be assumed, indeed, upon the evidence, that he was under the influence of liquor to such an extent as to render him incapable of using, in his locomotion, the same power which he could have employed when sober. This was the defense on the part of the city, and the only one. That it had not done its duty to the citizen could not be gainsayed. Its neglect was evident. Whoever was intrusted with the duty of protecting the wayfarer in that part of the city had signally failed to perform it. The condition of the walk was not only dangerous, but disgraceful. It is quite apparent that at

all such places guards should be erected to provide against the occurrence of accidents, which not only endanger life, but subject the city to great expense. The actions frequently brought against it to recover damages for injuries sustained by persons who were not intoxicated, seem to teach no lesson, and equally to fail to induce greater vigilance or a more faithful adherence to duty, or a greater appreciation of life or limb. The people of this city are subjected to great danger by incumbered streets and by neglected excavations, from which it is to be hoped they will soon be relieved by a better administration of its affairs. It may, indeed, be said that these accidents result in the loss to the city of a very large sum in the aggregate in each year.

The defense as suggested was, however, the intoxication of the plaintiff, but that did not deprive him *per se* of protection. By putting himself in that unfortunate condition, he was not abandoned by the law; he was only subjected to its consequences, whatever they might be, and if his drunkenness in any way contributed to his injury, he must bear the burden. Whether it did or not was a question of fact for the jury to determine. It was for them and not for the court to say whether he was intoxicated at the time of the accident, and whether, if he was, it contributed in any degree to the injury which he received. The defendants had the full benefit of this ruling, and the jury found against them.

The case of *Alger* v. *Lowell*, 3 Allen, 402, is in many respects similar to this. The plaintiff in that case was injured by falling down a declivity, outside the limits of the street which was not protected by a railing. Evidence was given tending to show that the plaintiff was intoxicated at the time of the accident, and the judge was requested to charge that he was negligent. He refused to grant the request, and his refusal was sustained. The court, per HOAR, J., said, "Intoxicated persons are not removed from all protection of the law. The intoxication was an important circumstance to be considered by the jury upon the question, whether due care was used, and the jury were directed so to regard it."

In the case of *Robinson* v. *Pioche, etc.*, 5 Cal. 460, which was an action to recover for injuries received by falling through an uncovered hole, in the street, the court held that if the defendant were at fault in leaving an uncovered hole in the sidewalk, the intoxication of the plaintiff could not excuse such gross negligence, and

Healey v. Mayor of New York.

HYDENFELDT, J., said, "A drunken man is as much entitled to a safe street, as a sober one, and much more in need of it."

The rule in relation to contributory negligence, though severe, is not so absolute as the counsel for the defendant would seem to think it. Its application must depend upon facts and circumstances, the value of which upon the subject must be ascertained and determined by the jury, where one is impaneled to try the issue involving it. It has been held, in an action to recover damages, that it was not *per se* such negligence as would prevent a recovery, to permit a child three years old to cross a railroad track unattended, save by a child nine and one-half years old. *Ihl* v. *Forty-second & Grand Street Ferry R. R. Co.*, 47 N. Y. 317; or to permit a boy, twelve years of age, unattended, to go from one car to another in pursuit of a seat, or to return to the car in which his mother was seated. *Downs* v. *N. Y. Central R. R. Co.*, 47 N. Y. 83; or that a woman, partially blind, should go unattended into the streets. *Davenport* v. *Ruckman*, 37 N. Y. 568; or for a driver to undertake to cross a bridge on a dark night, allowing his horses to choose their way. *Rector* v. *Pierce*, 3 N. Y. Sup. 416.

It is not proposed here, therefore, to usurp the functions of the jury and to say that the plaintiff contributed to the injuries he received. This is not apparent. The condition of the walk was such that a person not intoxicated might have fallen as the plaintiff did, by proceeding on his way under the impression which he would have the right to entertain, that it was safe for him to do so, thus assuming that the highway was kept in repair, and that the defendants had done their duty. It may be said, therefore, that it does not appear in the evidence given that the plaintiff by his inebriety contributed to the injuries which he received; while, on the other hand, it is certain that if the defendants had done their duty in reference to the walk, the accident would not have happened. It should be impossible. The duty of the defendants to keep the streets in such repair that they may be safely traveled night and day, has been so frequently adjudicated as to make it entirely unnecessary to cite authorities to show it.

The judgment, for these reasons, should be affirmed. There is nothing contained in the request to charge or exceptions taken which would warrant us in disturbing it.

*Judgment affirmed.*