# City Court.

*General Term—December*, 1885.

## JENNINGS, Administrator, &c., Plaintiff and Appellant *against* OSBORNE, Defendant and Respondent.

Where an administrator is a party, his declarations and admissions are evidence against him.

A plea of payment is supported only by proof of payment in money or its equivalent.

Appeal from a judgment rendered on verdict in favor of the defendant.

*C. Bainbridge Smith,* for plaintiff and appellant.

*Cantor & Seldner,* for defendant and respondent.

McAdam, Ch. J.—The action was brought on two promissory notes made by the defendant—one for $500 and the other for $1,000. The sole defense pleaded is payment. Upon the trial, the defendant undertook to prove his defense, in three different ways, two of which are unobjectionable, and one is fatal to the verdict, which was in his favor.

First. He proved conversations had between the intestate in his life-time, and third persons, in which the

payment was acknowledged. This mode of proving payment is unobjectionable.

Second. He proved conversations with the plaintiff, who is the administrator of the intestate, in which payment of the notes sued upon was in effect admitted. This we regard as unobjectionable, although the plaintiff claims that it was improper under the ruling made in Elwood v. Diefendorf (5 *Barb.* 407). But that case merely holds, that the admissions of an executor or administrator cannot be received in evidence as against his co-executor or co-administrator or as against heirs and devisees. This decision is correct as far as it goes, and the cases cited in that decision give the reasons for the rule, but it is inapplicable here because the administrator is the sole party plaintiff, and his acts, admissions and declarations charge him, for he is personally responsible to the estate he represents for his conduct. Thus, in Hill v. Buckmister (5 *Pick.* 391), it was held that the admissions of an administrator, a party to the suit, may be given in evidence by the opposite party; and a like ruling was made in Cobb v. Lunt (4 *Greenl.* 503, 507). This evidence we hold was properly admitted. The third mode of proving payment, which the defendant adopted, is the objectionable one. The defendant was allowed to prove, under objection and exception, that the intestate had agreed to do certain contract work for the defendant for $14,500, that he afterward added $2,000 to the price, which was to come from a Mr. Taylor, who was advancing money on the property, and that this additional $2,000 was to go to the defendant, or was to satisfy notes for that amount representing moneys loaned by the intestate in his life-time to the defendant.

The written contract between the intestate and the defendant called for $16,500, and the oral testimony offered not only contradicted the writing, which in itself seems improper, but, what is more objectionable, the facts proved were not pleaded.

The plaintiff's counsel objected to the evidence on this

specific ground; but, as before remarked, the objection was overruled under the exception. This evidence, especially under the pleadings, was improper, and may have influenced the jury to the prejudice of the plaintiff. At all events, this is the legal presumption (Union Bank *v.* Mott, 39 *Barb.* 180 ; Warrell *v.* Parmelee, 1 *N. Y.* 519 ; 18 *N. Y.* 546 ; 43 *Id.* 200 ; 47 *Id.* 188). The simple plea of payment can be supported only by proof of payment in money or its equivalent, and not by any special arrangement growing out of independent contracts not pleaded and called to the attention of the adverse party (Morley *v.* Culverhill, 7 *Mees. & W.* 171).

For this reason, if no other, the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

HYATT, J., concurred.