GUY *v.* MEAD.

Upon the question, at what time the later of two indorsements upon a promissory note was made, a paper is admissible evidence which contains a computation of interest upon the note by a witness who swears that, when he made it, the note bore but one indorsement, but who has no recollection of the date of the computation independent of the paper.

The qualification which restricted the admission of written memoranda to those made in the usual course of business, and as a part of the proper employment of the witness, has, it seems, been abolished in this State; and every species of memorandum is now admissible.

APPEAL from the Supreme Court. Action on a promissory note, made by the defendant, on the 13th day of July, 1843, payable one day after date, to George Sharts or bearer, for $250. It was transferred to the plaintiff, July 25th, 1854, and this action was commenced immediately afterwards. The defence set up was, payment to Sharts while he was the holder, and the statute of limitations. There were two indorsements of payments written on the back of the note when it was produced at the trial—one of $90, January 20th, 1846, which was conceded to be correct, and another of $40, February 26th, 1849. If this last one was correctly made, it was an answer to the defence of the statute; but the defendant contended, and gave evidence tending to show that the $40 was paid and the indorsement made in February, 1847, and not in 1849. There was a suggestion on the part of the defendant that the date of the indorsement in question had been altered. Sharts, the payee, was sworn for the plaintiff, and the defendant was examined on his own part—the former testifying that the payment was made at the date of the indorsement, and the other that it was made on the same day in the year 1847, and that there was no payment in 1849; and there was other evidence by both parties upon this disputed question. Among other witnesses, the plaintiff called one Ingersoll, who swore that he once reckoned up the interest on the note, at the request of Sharts,

when he held it, and he produced a writing which he said was the original paper containing his calculation made at the time. It purported to contain a statement of the date and amount of the note, of the indorsement of $90 in 1846, and a calculation of the interest to April 1, 1848, but made no mention of any other indorsement. The witness said, at first, that he made the calculation of interest on the 1st day of April, 1848, but, when cross-examined, he said that, independently of the writing, he had no recollection as to the time when it was made; but from an examination of it he had no doubt that it was accurate, and that the indorsement of $40 was not on the note when the written computation was made. The plaintiff's counsel proposed to read the paper in evidence for the consideration of the jury and to sustain his position that the indorsement in question was not on the note in 1848; but the offer was rejected, on the objection of the defendant's counsel, and the plaintiff's counsel excepted. The verdict was in favor of the defendant, and there was an order that the exception should be heard in the first instance at a general term. Upon such hearing, the ruling at the circuit was approved, and judgment was given for the defendant.

*Henry R. Mygatt,* for the appellant.

*Giles F. Hotchkiss,* for the respondent.

DENIO, J. The substance of the testimony of the witness Ingersoll was, that, while the note was in the hands of Sharts, the payee, he, at Sharts' request, made a calculation, in writing, of the interest then due upon it, making a proper allowance for the payments indorsed on it; that, on consulting the writing, then in his hands, it appeared that it was made on the 1st day of April, 1848, and that there was no indorsement of $40 allowed for; that he fully believed that the statement was accurate, but that, aside from the written paper itself, he had no recollection as to the time when it was made. The question is, whether, under these circumstances, the plaintiff, whose

interest it was to prove that this indorsement had not been made prior to April 1, 1848, could read the paper to the jury as evidence tending to establish that position. The opinion of the Supreme Court concedes that a memorandum, made under such circumstances, and thus authenticated, would be competent evidence, provided it distinctly stated the matter sought to be proved; but it determined that this paper was not admissible because it does not state or show that the indorsement was not then on the note. This point, which is the only material one, depends, after all, it is said, solely upon the testimony of the witness. This is not precisely accurate. The paper is not set out; but the bill of exceptions sets forth that it contained a statement of the date and amount of the note, of the first indorsement of $90, January 20, 1846, and of the interest to April 1, 1848. This must be taken as true; and, besides, the witness testifies in substance that such was the character of the paper, and that it was made with the intent to ascertain the amount due on the note at that time. Now, such a paper, if genuine and accurate, would necessarily contain a statement of, or an allowance for, all the indorsements of payments appearing upon the note; and the omission of any notice of an alleged indorsement would be presumptive evidence that it was not then on the note. If this paper, then, had been received in evidence, and had appeared, or had been shown, to have been made on the 1st day of April, 1848, for the purpose mentioned, the fact that it contained no notice of any indorsement but the conceded one of $90 would, if regarded as authentic, have shown, *prima facie*, that no such indorsement had, up to that time, been written on the note. It would not have been conclusive, because the omission might have arisen from accident or fraud. But it is not correct to say that the computation does not show the fact that there was then no indorsement of $40 on the note. I am of opinion, therefore, that the judgment cannot be sustained upon the ground on which it was placed in the Supreme Court.

Formerly, I think, it was the doctrine of the courts of this State that such a paper could not be given in evidence as an

independent piece of testimony. The rule was, that it might be referred to by a witness, to refresh his memory, but he must then swear to the truth of the facts, or his statement would not be evidence. (*Lawrence* v. *Barker*, 5 Wend., 301.) The doctrine was so stated by the Chancellor, in the Court of Errors, in *Feeter* v. *Heath* (11 Wend., 485). But the subject has been reëxamined since these cases were decided, and a different rule now prevails. In *Merrill* v. *The Ithaca and Owego Railroad Company* (16 Wend., 599), Judge Cowen examined the cases upon this rule of evidence at great length, and his conclusion was, that original entries might be read in evidence, though the witness had forgotten the fact attested by them; but he said that, in this State, the rule was restricted to entries made by a person in the course of his business. He seemed to consider that qualification peculiar to this State. In the *Bank of Monroe* v. *Culver* (2 Hill, 531), the rule is laid down with that limitation, and applied to the case of entries made by clerks in a bank in the regular course of their duties. In *Halsey* v. *Sinsebaugh* (15 N. Y., 485), the question— whether a memorandum, made at or about the time when the event or transaction mentioned in it took place, and where the author swears that he knows it to have been correct when made, can be read to the jury in connection with the oral testimony of the witness; or whether the evidence is confined to what the witness is able to recollect after refreshing his memory by referring to the memorandum—came up for decision in this court. The memorandum referred to was the minutes of testimony taken by the counsel upon a former trial of the cause, the matter to be proved being what a witness had sworn to on that trial; and it was held to be admissible. The paper did not fall within the rule as an entry made in the course of business, like the memoranda and entries made by clerks in banks and the like; and it was not placed on that footing in the opinion of the court. On the contrary, Judge Selden, by whom the opinion was prepared, took pains to say that he did not consider that the case of such a memorandum as the one then in question was governed by any peculiar rule, but that the general ques-

tion was presented, whether a memorandum, that is, any memorandum, made and sworn to in the manner stated, would be admissible. The whole of the reasoning of the opinion, and the cases relied on, sustain the position as a general one, applicable to every species of memorandum, and are not restricted to the routine entries referred to. I am, therefore, of opinion that the qualification, formerly considered as annexed to the rule, has been abolished; and although my reluctance to depart from decisions upon practical questions, which have been long acted upon, would not have permitted me to propose such a change as was made in this instance, I am convinced that the former doctrine was based upon a misunderstanding of some earlier adjudications, and that the principle now established is, at least, equally conducive to the elucidation of truth, which should be the object of all rules of evidence. In *Russell* v. *The Hudson River Railroad Company* (17 N. Y., 134), the memorandum which had been received in evidence was a written statement made by a surgeon as to the character of the injuries which the plaintiff had sustained by the alleged negligence of the defendants, and of the remedies applied, made at the time the witness was called on to attend him. It was not doubted, in the opinion of the court, that the memorandum was one to which the rule applied; but a new trial was granted, because it did not appear but that the witness had a perfect recollection of all the matters sought to be proved by the memorandum.

I have not intended to be influenced in my conclusion as to the true rule of evidence by the peculiar aspect of this case; but I cannot avoid remarking, that if this computation of interest was actually made, as stated, in April, 1848, for the purpose of ascertaining the amount due on the note, the memorandum of it then made is one of the most satisfactory pieces of evidence which could be adduced as to the existence of the indorsement. The parties to the alleged transaction had sworn differently upon the point, and several alleged declarations on one side or the other had been given in evidence. If this paper was made at the time and for the purpose claimed, it furnishes

written evidence of the most authentic character, made when the party who now seeks to produce it to the jury had no interest in fabricating it. To my mind it would be more persuasive evidence than any amount of oral statement verified by the oaths of the parties interested, or of verbal declarations proved to have been made by those parties.

I am in favor of reversing the judgment of the Supreme Court.

DAVIES, J., delivered an opinion to the same effect; WRIGHT, J., dissented; WELLES, J., expressed no opinion; all the other judges concurring,

*Judgment reversed, and new trial ordered.*