### PHILBIN v. PATRICK.

March, 1868.

In an action for materials furnished, it is proper to ask the witness to produce the book containing his original entries of the items, and read the same, it being subsequently shown that he was unable to state them from memory, and that the articles were delivered.

Stephen Philbin and Joseph B. Quin sued Richard Patrick, in the New York superior court, to recover for labor and materials in the plumbing work in defendant's house.

On the trial, Mr. Knight, plaintiffs' bookkeeper, was called, and sworn as a witness. After stating that plaintiffs had two day books, into one of which entries were taken off from the scrap book, and then transferred again into the other, the witness was asked to take his scrap book and begin at the beginning, and call off all the items entered by him on this job. Against defendant's objection and exception, he was permitted to read from the scrap book the items charged there in his writing. He was subsequently asked if he recollected delivering the articles thus specified, and he replied that he could not say definitely now that he did; that he was able to state what articles he delivered from having made the charges in the scrap book.

The referee found for plaintiffs; judgment was entered accordingly, and affirmed at general term. The defendant then appealed to this court.

*J. B. Bissell,* for defendant, appellant;—Cited Lawrence *v.* Barker, 5 *Wend.* 301; Ferter *v.* Heath, 11 *Id.* 485; and authorities in the opinion.

*S. Hand,* for plaintiffs, respondents.

BY THE COURT.—MILLER, J. [After holding that the findings and exceptions could not be reviewed because not inserted in the case,—an objection obviated by section 268 of the Code of Procedure as amended in 1869.]

Independent of the reason stated for the affirmance of the judgment, I think there was no error upon the trial. The objection made to allowing Knight, the plaintiffs' bookkeeper, to read from the scrap book the list of articles there named, and delivered to the workmen from plaintiffs' shop, is not well taken. The book was competent evidence, preliminary to proof that materials were furnished by the plaintiffs to the defendant.

The witness testified that the entries were made when the articles were delivered to the carmen, in the course of his business as the bookkeeper of the plaintiffs.

He did not recollect the delivery of the articles, and was only able to state what articles actually were delivered, from having made the charges in the scrap book.

They were made at or about the time of the transactions to which they related, and their accuracy was duly verified.

It also appeared that the witness was unable, with the aid of the memorandums made by him, to speak from memory as to the facts.

The evidence, therefore, was properly received. The rule is laid down in Halsey *v.* Sinsebaugh, 15 *N. Y.* 485, and approved in Russell *v.* Hudson River R. R. Co., 17 *Id.* 140. See, also, Guy *v.* Mead, 22 *N. Y.* 462; Marcly *v.* Shults, 29 *Id.* 345.*

---

* The point ruled in Marcly *v.* Shults was, that it is only an *original entry* made by the witness which may be read in evidence as having been made by him at or near the time when a fact, material to the issue, occurred, he swearing it was made correctly ; a copy, or an entry made by any other person, can only be read when used *to refresh* the witness' *recollection* of the fact to which the entry related.

It may be also observed that the fact of the delivery and the use of the articles was fully proved by the evidence subsequently introduced, and if there was any error, it was rendered entirely harmless, and could not affect the result, or work an injury to the defendant. People v. Gonzalez, 35 N. Y. 49, 60. Nor was there any error in the introduction of the bill of work done and materials furnished by the plaintiffs for the defendant.

Both of them had been furnished to the defendant; and in connection with proof of the correctness of the charges made, and a conversation with the defendant as to one of them, they were properly received as evidence.

The judgment must be affirmed.

All the judges concurred.

Judgment affirmed, with costs.

Marcly v. Shults has been followed also in the supreme court, as an authority for admitting original memoranda made by a witness at the time of the transaction. Kennedy v. Crandell, 3 Lans. 1.

