CHARLES H. PHELPS, PLAINTIFF IN ERROR, *v.* THE PEOPLE, ETC., DEFENDANTS IN ERROR.

*Forgery — indictment for — sufficiency of — variance — public offices — false entries in books of account in — when forgery at common law — when under statute — false entry in whose handwriting — intent to defraud.*

An indictment alleged that on the 31st day of August, 1873, there was a book of accounts kept in the office of the treasurer of the State of New York, called a ledger, and also sometimes called a bank ledger, in which said book of accounts there was an account between the people of the State of New York and the *Mechanics and Farmers' Bank* of Albany, an incorporation incorporated under the laws of the State of New York, to the tenor following:

MECHANICS AND FARMERS' BANK.

(Following this in the indictment were various items of account.)

" That Charles H. Phelps, late of the First ward in the city of Albany, aforesaid, on the 31st day of August, 1873, at the city of Albany and county of Albany, aforesaid, with intent to defraud the said *Mechanics and Farmers' Bank* of Albany, did willfully, maliciously and feloniously make a false entry in the said book of accounts so kept in the office of the treasurer of the State of New York, by which a demand in favor of the people of the State of New York against the said *Mechanics and Farmers' Bank* of Albany was increased by the sum of $200,000, by falsely, willfully and feloniously writing in the aforesaid book of accounts, and in the said account, between the people of the State of New York and the said *Mechanics and Farmers' Bank* of Albany, under the aforesaid last item or charge, and on the left side thereof, the letters, words, figures and characters following :

     Aug.  | " |    "         "             |· 200,000 | 00

so that the aforesaid account between the people of the State of New York and the said *Farmers and Mechanics' Bank of Albany*, after such false entry so as aforesaid, willfullly, maliciously and feloniously made therein, by the said Charles H. Phelps in the said book of accounts so kept in the office of the treasurer of the State of New York, was to the tenor following," etc.

Evidence offered thereunder was objected to on the ground that the account was alleged to be with the *Farmers and Mechanics'* Bank, while the proof was of an account with the *Mechanics and Farmers'* Bank. A motion was also made to direct the jury to acquit on these counts. The indictment was sustained.

On the production of the ledger on the trial, it was claimed by the prisoner's counsel that an item set forth in the indictment as Nov. 28,   "    "   * * *    125,000, was Nov. 18,  "   "  *  *  *   125,000.

The judge charged the jury that, if this item was in fact written November eighteen, and if the prisoner was thereby misled in preparing his defense to the indictment, they should acquit him. *Held*, that as this item was not, and did not affect, the false entry the charge was sufficiently favorable to the prisoner.

When objection is made to the admission in evidence of an instrument in writing, on the ground of variance, a question is presented for the decision of the court, and before the question can be determined, the court must first decide what the figures in the written instrument are.

The intention of the provision of the statute (2 R. S. [m. p.], 673, § 34) in regard to forgery, was to protect the books of account in certain public offices against false entries, whether the entries be or be not such as, between individuals, would be evidence against the person charged thereby.

*Semble*, that at common law a false entry made by a clerk in his employer's journal, stating the cash received at less than the actual amount is forgery.

The statute does not contemplate that the false entry must purport to be made in the handwriting of some person, other than the one making it.

The plaintiff in error had taken the money of the State, and thereafter made a false entry in the books of account of the State Treasurer. *Held*, that the judge properly left it with the jury to say whether this false entry was made with intent to defraud.

WRIT of error to the Court of Oyer and Terminer, in and for the county of Albany, to review a conviction of the plaintiff in error of forgery in the third degree, for making a false entry in a book of accounts, kept in the office of the State Treasurer.

Among the other counts in the indictment were the following :

### FIRST COUNT.

CITY AND COUNTY OF ALBANY, *ss. :*

The jurors for the people of the State of New York, in and for the body of the city and county of Albany, being then and there sworn and charged, upon their oath,

Present, that Charles H. Phelps, late of the First ward, in the city of Albany, on the 31st day of August, in the year of our Lord 1873, at the city of Albany and county of Albany aforesaid, with intent to defraud the Mechanics and Farmers' Bank of Albany, an incorporation incorporated under the laws and statutes of the State of New York, did willfully, maliciously and feloniously make a false entry in a book of accounts, commonly called a ledger, kept in the office of the treasurer of the State of New York, by which a demand in favor of the people of the State of New York against the said Mechanics and Farmers' Bank of Albany was increased in and by the sum of $200,000, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

# FIFTIETH COUNT.

And the jurors aforesaid, upon their oath aforesaid, do further present, that on he thirty-first day of August, in the year of our Lord one thousand eight hundred and seventy-three, there was a book of accounts kept in the office of the Treasurer of the State of New York, called a ledger, and sometimes called a bank ledger, in which said book of accounts there was an account between the People of the State of New York and the Mechanics and Farmers' Bank of Albany, an incorporation incorporated under the laws of the State of New York, to the tenor following :

## *Mechanics and Farmers' Bank.*

**Dr.**

| 1872. | | |
|---|---|---|
| May 28. | To transfer | $200,000 00 |
| July 11. | To transfer | 50,000 00 |
| July 12. | To transfer | 50,000 00 |
| Aug. 6. | To transfer | 75,000 00 |
| Nov. 28. | To transfer | 125,000 00 |
| | | $500,000 00 |
| 1872. | | |
| Dec. 1. | To balance | $245,000 00 |
| Dec. 5. | To transfer | 500,000 00 |
| March 14. | To transfer | 125,000 00 |
| April 1. | To transfer | 100,000 00 |
| April 10. | To transfer | 300,000 00 |
| May 7. | To transfer | 100,000 00 |
| May 16. | To transfer | 100,000 00 |
| June 30. | To dep | 7,101 99 |
| | | $1,477,101 99 |
| 1873. | | |
| July 1. | To balance | $539,101 99 |
| July 15. | To transfer | 200,000 00 |
| July 31. | To transfer | 150,000 00 |

**Cr.**

| 1872. | | |
|---|---|---|
| June 28. | By transfer | $40,000 00 |
| Aug. 13. | By transfer | 50,000 00 |
| Sept. 10. | By transfer | 15,000 00 |
| Oct. 9. | By transfer | 50,000 00 |
| Nov. 9. | By transfer | 50,000 09 |
| Nov. 25. | By transfer | 50,000 00 |
| Nov. 30. | By balance | 245,000 00 |
| | | $500,000 00 |
| 1872. | | |
| Dec. 28. | By transfer | $413,000 00 |
| 1873. | | |
| Feb. 14. | By transfer | 50,000 00 |
| Feb. 24. | By transfer | 50,000 00 |
| June 26. | By transfer | 425,000 00 |
| June 30. | By balance | 539,101 99 |
| | | $1,477,101 99 |
| 1873. | | |
| Aug. 8. | By transfer | $100,000 00 |
| Aug. 8. | By transfer | 200,000 00 |

And the jurors aforesaid, upon their oath aforesaid, do further present, that Charles H. Phelps, late of the First ward in the city of Albany aforesaid, on the thirty-first day of August, in the year of our Lord one thousand eight hundred and seventy-three, at the city of Albany and county of Albany aforesaid, with intent to defraud the said Mechanics and Farmers' Bank of Albany, did willfully, maliciously and feloniously make a false entry in the said book of accounts so kept in the office of the Treasurer of the State of New York, by which a demand in favor of the people of the State of New York, against the said Mechanics and Farmers' Bank of Albany was created for the sum of two hundred thousand dollars, by falsely, willfully and feloniously writing in the aforesaid book of accounts, and in the said account between the people of the State of New York and the said Mechanics and Farmers' Bank of Albany, under the aforesaid last item or charge, and on the left side thereof, the letters, words, figures and characters following:

Aug.    |    "    |    "         "         | 200,000 | 00

so that the aforesaid account between the people of the State of New York and the said Farmers and Mechanics' Bank of Albany, after such false entry so as aforesaid willfully, maliciously and feloniously made therein by the said Charles H. Phelps, in the said book of accounts so kept in the office of the treasurer of the State of New York, was to the tenor following:

(Here was inserted a copy of the account as altered.) Against the form of the statute in such case made and provided and against the peace of the people of the State of New York and their dignity.

*W. J. Hadley*, for the plaintiff in error. The court erred in receiving the entry alleged to be false, in evidence under either of the first forty-eight counts of the indictment. (2 East P. C., 975, § 53; 1 Chitty Cr. Law [5 Am. ed., by Perkins], 233; 3 id., 1039 *b;* 3 id. 1041; 2 Russ. on Crimes [4 Am. ed., by Sharswood], 359; Wharton Cr. L. [3d ed.], 174, 281, 283, 587; *People* v. *Kingsley*, 2 Cow., 522; *Com.* v. *Houghton*, 8 Mass., 107; see, also, 1 Bishop Cr. Pro. [2d ed.], §§ 553, 559, 560, 561; 2 id., §§ 403, 404, 405, 406; *Rex* v. *James Lyons*, 2 Leach [3d London ed.], 681, 696.) Each of the last forty-eight counts purports to set forth the account according to its tenor, both before and after the false

entry was made. The word tenor binds the pleader to the strictest accuracy. (Wharton's Am. Cr. L. [3d ed.], 588, 589; 3 Chitty Cr. L. [5th Am. ed. by Perkins], 875, 875 *a;* 3 id., 1039 *b;* 1 Bishop Cr. Pro. [2d ed.], §§ 485, 490, 491, 559; 2 id., § 416; 2 Whar. Cr. L. [7th ed.], § 1474 *a*.) The account was not on the face of it, and did not purport to be, after such false entry, an account with the Farmers and Mechanics' Bank. (*Rex* v. *Reading*, 2 Leach [3d ed.], 672; *Rex* v. *Gilchrist*, 2 id., 753; 2 East P. C., 981, *et seq.* [chap. 19, §§ 56, 57, 58].) Nor can this averment be rejected as surplusage. It may have been unnecessary. But the pleader has made it a part of the description of what the forged instrument was, after the false entry was made. (*The People* v. *Jones*, 5 Lans., 340; Wharton's Cr. L. [3d ed.], 291, citing *United States* v. *Howard*, 3 Sum., 12; *Com.* v. *Atwood*, 11 Mass., 93; *Com.* v. *Tuck*, 20 Pick., 356–364; *State* v. *Noble*, 15 Me. [3 Shep.], 476; *Com.* v. *Hope*, 22 Pick., 1; *U. S.* v. *Brown*, 3 McLean, 233; see, also, 3 Starkie's Ev. [2d Am. ed.], 1529, *et seq.*; 1 Chitty Cr. L. [5th Am. ed.], 233; *Com.* v. *Stow*, 1 Mass., 54; *Com.* v. *Stevens*, 1 id., 204; 2 Bishop Cr. Pro. [2d ed.], §§ 415, 416; 1 Gr. Ev., § 65; *The People* v. *Jones*, 5 Lans., 340.) There was a clear, fatal variance between the indictment and proof. Each of the last forty-eight counts contained this entry:

Nov. | 28 |      "      "      "      | 125,000 |

The entry in the ledger is:

Nov. | 18 |      "      "      "      | 125,000 |

An inspection of the ledger will show the entry to be of the date of November eighteenth. The suggestion of the learned judge, that this item of November eighteenth forms no part of the false entry itself, does not answer the objection. It was a substantial variance between the account described and the one offered in evidence, and it is submitted must be fatal to the prosecution. (*Reading's Case* [3d Lond. ed.], 2 Leach Cases in Cr. L., 672; *Lyon's Case*, 2 id., 681; *Gilchrist's Case*, 2 id., 753; 2 East Pl. Cr., 981, 982, 983, 984, chap. 19, § 56; Roscoe's Cr. Ev. [5th Am. ed., by George Sharswood], 510, 511; 1 Bishop Cr. Pro. [2d ed.], §§ 485, 490, 559; 2 Bishop Cr. Pro., § 416; *U. S.* v. *Hardyman*, 13 Pet., 176; *Com.* v. *King*, 9 Cush., 287; *Rastall* v. *Stratton*,

1 Hy. Bl. Rep., 49; *The People* v. *Jones,* 5 Lans., 340; 3 Gr. Ev., § 65.) It was both necessary and indispensable, that a copy of this account should be set out according to its tenor. (*Hunter's Case* [3d Lond. ed.], 2 Leach Cr. Cas., 711; *Mason's Case,* 2 id., 548.) Looking at this entry, unaided by the previous items, the court would be wholly unable to judge whether it was an entry of which forgery could be committed under the statute. (*People* v. *Warner,* 5 Wend., 272.) The false entry could not, by any legal possibility, prejudice or in any way affect any person, body or corporation, in his estate or property, and could not be made the foundation of any legal liability. It could not possibly defraud any one, and is not forgery under the circumstances and proofs in this case. (4 Bl. Com., 247; 2 East Pl. Cr., 840; 3 Gr. Ev., § 103; 2 Bishop Cr. L. [5th ed.], § 523.) It is submitted, that neither the rights of the bank, nor of the people can, by any possibility, or in any manner, be legally prejudiced, or in any way affected by the entry. It is like the forgery of a will devising land, having but two witnesses, when three were required. Because it could not defraud any one, it was held not to be forgery. (*Wall's Case,* 2 East Pl. Cr., 953, chap. 19, § 45.) Or forging a bill of exchange void on its face. (*Moffat's Case* [3d London ed.], 2 Leach, 483.) The intention to defraud must exist in fact, as well as in law. (*Reg.* v. *Hodgson,* Dearsley & Bell Cr. Cas., 3; see, also, *People* v. *Shall,* 9 Cow., 778; *People* v. *Fitch,* 1 Wend., 198; *People* v. *Galloway,* 17 id., 541; *People* v. *Stearns,* 21 id., 409, 413; *People* v. *Wilson,* 6 Johns., 320; *People* v. *Harrison,* 8 Barb., 560; *Cunningham* v. *The People,* 11 N. Y. S. C. [4 Hun], 455; *Rex* v. *Wavell,* Moody Cr. Cas., 224; *Reg.* v. *Marcus,* 2 Carr. & Kir., 356; 61 Eng. C. L., 354; *Ex parte Winsor,* 6 Best & Smith [Q. B.], 528; S. C., 10 Cox Cr. Cas., 118; *State* v. *Young,* 46 N. H., 266; Hammond's Dig., chap. 1, § 2, p. 102; *Rex* v. *Knight,* 1 Salk., 375; 1 Bishop Cr. Law [5th ed.], §§ 572, 748; *The King* v. *James Lyon* [3d Lond. ed.], 2 Leach, 681; see, also, 2 East Pl. Cr., 933, chap. 19, § 36; *Toshack's Case,* 1 Denison Cr. Cas., 493; *Bills* v. *The Com.,* 8 Casey [32 Penn.], 529.) But the principle of this Pennsylvania case is denied in a case subsequently decided in New Hampshire. In the New Hampshire case, it is distinctly held that a man does not

commit forgery who makes a false charge in his own book of account. (*The State* v. *Young*, 46 N. H., 266–270; *Ex parte Winsor*, 6 Best & Smith [Q. B.], 528; S. C., 10 Cox Cr. Cas., 118; 2 Bishop Cr. Law [5th ed.], § 586.) The court erred in refusing to charge that, upon the whole facts in this case, the prisoner is not guilty of the crime of forgery. (*People* v. *Shall*, 9 Cow., 778; *People* v. *Fitch*, 1 Wend., 198; *People* v. *Galloway*, 17 id., 540; *People* v. *Stearns*, 21 id., 409, 413; *People* v. *Wilson*, 6 Johns., 320; *Cunningham* v. *The People*, 11 N. Y. S. C. [4 Hun], 455; *People* v. *Harrison*, 8 Barb., 560; *Reg.* v. *Marcus*, 2 Car. & Kir., 360; 61 Eng. C. L. R.; 1 Bishop Cr. Law [5th. ed.], §§ 572, 748; *State* v. *Young*, 46 N. H., 266.) Also in refusing to charge that the prisoner cannot be convicted under this indictment, for the reason that the making of such false entry had no legal tendency whatever to injure or defraud either the people of the State of New York, or the Mechanics and Farmers' Bank. (*People* v. *Harrison*, 8 Barb., 560; *People* v. *Cady*, 6 Hill, 490; *Reg.* v. *Marcus*, 2 Car. & Kir., 354 [marg.], 356; 1 Bishop Cr. Law [5th ed.], §§ 572, 748; 2 id., §§ 523, 533, 543, 586, 599; *People* v. *Galloway*, 17 Wend., 540; *People* v. *Shall*, 9 Cow., 778; *People* v. *Fitch*, 1 Wend., 199.) Also in refusing to charge that, if the law presumes an intent to defraud from the fact of making the alleged false entry, yet, in this case, that inference of an intent to defraud cannot be drawn, because, from the whole proof, it is apparent that neither the Mechanics and Farmers' Bank of Albany, nor the people of the State of New York, can, by any possibility, be defrauded by such entry, and which is alleged to be false and fictitious. (2 Bishop Cr. Law, §§ 543, 599, and authorities before referred to.) Also, in refusing to charge, that the prisoner cannot be convicted under any or either of the first forty-eight counts in the indictment, for the reason, that the entry which is therein charged to be false and fictitious, is not set out in words and figures, or any sufficient description thereof given, and that no sufficient reason is given in any or either of those counts, why the same is not so set out or described. (2 East Pl. Cr., 975, 985, §§ 53, 58; 1 Chitty Cr. L. [5th Am. ed., by Perkins], 233; 3 id., 1039 *b*, 1040, 1041; *Rex* v. *Lyon* [3d London ed.], 2 Leach, 681; *People* v. *Kingsley*, 2 Cow.,

522; *Com.* v. *Houghton,* 8 Mass. 107; *People* v. *Warner,* 5 Wend., 272.)

*John M. Bailey,* district attorney, *Henry Smith* and *Nathaniel C. Moak,* for the defendants in error.    The ancient strictness in regard to criminal pleading has been greatly relaxed. (*People* v. *Bennet,* 37 N. Y., 120, 121; *Low* v. *People,* 2 Park. Crim., 40, 41; *People* v. *Rynders,* 12 Wend., 431, 432; *Holmes* v. *People,* 15 Abb. Prac. Rep., 159.)    The old forms were devised to oust the defendant of the privilege of clergy, and need not be followed. (*People* v. *Rynders,* 12 Wend., 431.)    And have been expressly abolished by the statute which provides : " Section 52.    No indictment shall be deemed invalid, nor shall the trial, judgment or other proceeding thereon be affected.    *    *    *    By reason of any other defect or imperfection, in matters of form, which shall not tend to the predjudice of the defendant."    (2 R. S., 728, § 52 ; 2 Edm. St., 751; *Tomlinson* v. *People,* 5 Park., 320 ; 1 Whart. Cr. Law, §§ 216–218; *Com.* v. *Hall,* 97 Mass., 570; *Fralich* v. *People,* 65 Barb., 51; see, also, *Tomlinson* v. *People,* 5 Park., 313, 319, 320.)    The facts were amply pleaded and the indictment good. (*People* v. *Loop,* 3 Parker's Crim., 559; *Haskins* v. *People,* 16 N. Y., 344, 347, 348; *Quinlan* v. *People,* 6 Parker's Crim., 9; *Low* v. *People,* 2 id., 37; *People* v. *Rynders,* 12 Wend., 431; *Holmes* v. *People,* 15 Abb. Prac., 154; *Wilson* v. *People,* 5 Parker, 178; *Rosekrans* v. *People,* 5 N. Y. S. C., 467, 475; *People* v. *Clements,* 26 N. Y., 197, 198.)    When the facts showing a certain conclusion are pleaded, the pleader is not obliged to allege the conclusion.    It is sufficient that the fair import of the charge be alleged.    (*Rex* v. *Sommerton,* 7 Barn. & Cress., 463.)    The indictment was proper, and valid in form.    (*Barnum* v. *The State,* 17 Ohio, 717; 'Warren's Ohio Crim. Law, 515; *Biles* v. *Com.,* 32 Penn. St., 529; *People* v. *Rosekrans,* 5 N. Y. S. C., 474, 475; *Ream* v. *Commonwealth,* 3 Serg. & R., 207; Arch. Cr. Pr. & Pl. [17th Eng. ed.], 592; *Commonwealth* v. *Williams,* 9 Metc., 273.) The false entry was a forgery at common law, independent of the statute, and the prisoner could have been convicted without the statutory provisions.    (*Rosekrans* v. *People,* 5 N. Y. S. C., 472, 473; 2 Bish. Crim. Law [5th ed.], §§ 596, 597.)    The making of a

false entry in the journal of a mercantile firm, by a confidential clerk and book-keeper, with intent to defraud his employers, is a forgery at common law. Such forgery may consist in a false addition of the amount of cash received from bills receivable. (*Biles* v. *Commonwealth*, 32 Penn. St., 529, 532–536, 537, 538; *Reg.* v. *Smith*, 9 Cox Cr. Cas., 162, 165; 2 Whart. Cr. Law [7th ed.], § 1431.) It was proper to charge the offense in various forms. The right to do so is well settled; it was within the discretion of the court, as to whether it would restrict the evidence to any particular set of counts, or compel the prosecutor to elect under which he would proceed. (*Davis* v. *People*, 56 N. Y., 95, 101; *La Beau* v. *People*, 33 How. Pr., 69; *Nelson* v. *People*, 5 Park., 39; *People* v. *White*, 55 Barb., 606, 611; *Osgood* v. *People*, 39 N. Y., 449, 451; *Kam* v. *People*, 8 Wend., 210, 211.) The defendant having been convicted on all the counts, if there was a single good count the conviction was valid and will not be reversed, no matter how many bad ones there were. (*People* v. *Davis*, 56 N. Y., 95, 100; *Crichton* v. *People*, 6 Parker's Crim., 364, 366 [Ct. Appeals]; S. C., 1 Keyes, 344; 1 Abb. Ct. Appeal Dec., 470; *Guenther* v. *People*, 24 N. Y., 100; *People* v. *Gilkinson*, 4 Park., 26; *People* v. *Stein*, 1 id., 202; *La Bau* v. *People*, 33 How Pr., 70; *Fraser* v. *The People*, 54 Barb., 306, 308; 1 Bish. Cr Proc. [2d ed.], § 1015; 3 Whart. Cr. Law [7th ed.], §§ 3208, 3209.) It is the duty of the court, in a criminal case, to decide a question, as a question of law, when there is no conflict in the evidence or dispute as to the facts. (*United States* v. *Susan B. Anthony*, 11 Blatch., 209–212, and cases cited; *People* v. *Bennet*, 49 N. Y., 137; *Commonwealth* v. *Magee*, 12 Cox's Crim. Cases, 549; *Biles* v. *Commonwealth*, 32 Penn. St., 537.) It is not necessary to conviction that the entry should be made in a book of original entries. (*Barnum* v. *The State*, 15 Ohio St., 717, 720, 721.) The books were of a public character and evidence *per se*. (*Ream* v. *Commonwealth*, 3 Serg. & R., 207.) These books, therefore, are recognized by law, because they are required by law to be kept, because the entries in them are of public interest and notoriety, and because they are made under the sanction of an oath of office, or at least under that of official duty. (1 Greenl. Ev., §§ 483–484; *Ream* v. *Commonwealth*, 3 Serg. & Rawle, 207.) An entry made by a

public officer, in the discharge of his official duty, in a book which he is bound to keep as a record of his proceedings, is admissible in evidence to prove his performance of the acts to which it relates. It is still a presumption of law that the entry was made by him in the proper discharge of his duty, and if mistake or fraud is alleged, the proof lies upon the opposite party. (*Bissell* v. *Hamblin*, 6 Duer, 512, 513, 514.) Being books of a public character, and the offense being one against the public, it was not necessary that the prisoner should, in fact, gain any thing, or the public lose any thing, by the false entry. (2 Bish. Cr. Law [5th ed.], §§ 596, 597, 602, 603.) The statute does not require that the false entry shall produce actual loss or injury. It is sufficient that it be made with intent to defraud. The intent is to be inferred from the act itself. It is sufficient that persons were liable to be prejudiced by giving credit to the instrument. (*Paige* v. *People*, 3 Abb. Ct. Appeals Dec., 439, 447, 448; *Commonwealth* v. *Starr*, 4 Allen, 301, 304; *Commonwealth* v. *Jacobs*, 9 id., 275; 2 Whart. Cr. Law [7th ed.], § 1493.) It is a malicious act, in contemplation of law, when a man willfully does that which is illegal, and which, in its necessary consequences, must injure his neighbor. (5 C. & P., 266, note; 2 Russ. on Crimes, 575; *Com.* v. *Snelling*, 15 Pick., 340; *U. S.* v. *Taintor*, 11 Blatch. 378–379.) If, by any possibility, any one might have been defrauded or injured by the false entry, the crime of forgery was perpetrated. (*People* v. *Rathbun*, 21 Wend., 509, 521; *People* v. *Stearns*, id., 409, 413–418; 2 Whart. Cr. Law [7th ed.], § 1493; *Reg.* v. *Feeny*, Armstrong, Macartney & Ogle Rep., 193.) Actual fraud is not a necessary ingredient of the offense. (*People* v. *Stearns*, 21 Wend., 418, 419; 2 Bish. Cr. Law [5th ed.], §§ 531, 532; 2 Whart. Cr. Law [7th ed.], §§ 1444 *b*, 1431, 1493.) This was no variance. But, if so, it was not a material one; the mistake clearly appeared by the count itself, and was properly disregarded under the statute cited in point first, and the authorities there cited. (*Real* v. *People*, 55 Barb., 552; 42 N. Y., 270; see, to same effect, *Crichton* v. *People*, 1 Abb. Ct. Appeals Dec., 470, 471; *Miller* v. *People*, 52 N. Y., 304; *Wilson* v. *People*, 5 Park. Crim., 179, 180; *People* v. *McGinnis*, 1 id., 391; 2 R. S., 798, § 52; *The People* v. *Treadway*, 3 Barb., 470, and cases cited; see, also, *People* v. *Treadway*, 3 id., 473, 474; *People* v. *Phelps*, 5 Wend.,

10; *People* v. *Warner*, 5 id., 271; *Tuttle* v. *People*, 36 N. Y., 436;
*May* v. *The State*, 14 Ohio, 466; *O'Neil* v. *The State*, 48 Ga., 66.)
It was for the court, and not for the jury, to determine what the
figures were, and its decision was conclusive. (1 Bishop Cr. Proc.
[5th ed.], § 338; *Commonwealth* v. *Davis*, 11 Gray, 4, 8, 9; *Com-
monwealth* v. *Riggs*, 14 id., 376–377.) It was proper to prove, by
persons familiar with the prisoner's handwriting, what the figure
was. (*Dubois* v. *Baker*, 30 N. Y., 361.) As the court could not
have directed an acquittal, nor the jury have acquitted on that
ground, there was no error, to the prejudice of the prisoner, in the
court submitting to the jury the proposition it did, and such sub-
mission is no cause for reversal. (*People* v. *Gonzales*, 35 N. Y.,
60.) The entry claimed to be mistakenly given, was no part of
that forged, and the mistake, if one, was, therefore, no part of the
forgery. (1 Whar. Cr. Law [7th ed.], § 312; *State* v. *Givens*, 5
Ala., 747; *Perkins* v. *Com.*, 7 Grat., 651, 654; *Tislick's Case*, 1
East Rep., 181, note; S. C., more fully, 2 East Pl. Cr., 925.) An
indictment for uttering a forged promissory note need not set forth
the date of the note. (*Com.* v. *Ross*, 2 Mass., 373; *Buckland*
v. *Commonwealth*, 8 Leigh [Va.], 732, 736; *Huffman* v. *Common-
wealth*, 6 Rand. [Va.], 685.) If it be doubtful what the word is,
the court *may*, if it chooses, instead of determining what it is,
leave that question to the jury. (*Turpin* v. *State*, 19 Ohio St.,
540, 545; *U. S.* v. *Hinman*, Baldwin's C. C. Rep., 393, 394.)
Evidence tending to prove any fact constituting an element of a
crime charged in an indictment is competent, although it may tend
to prove the prisoner guilty of some other crime. (*Weed* v.
*People*, 56 N. Y., 628; *Copperman* v. *People*, 3 N. Y. S. C., 199;
affirmed, 56 N. Y., 591; *Rex* v. *Moore*, 2 Carr. & Payne, 235;
*Reg.* v. *Briggs*, 2 Moody & Robinson, 199.) The point that the
indictment should have charged an intent to defraud "*the State* of
New York" and not "*the people* of the State of New York," was
not well taken. All civil suits in favor of the State are required or
allowed by statute, to be brought in the name of the people of the
State of New York. It is because of this provision that civil suits
are so brought. (2 R. S., 552, § 13; 2 Edm. St., 573.) But the
title is still in the State — the corporation. (*People* v. *Bennett*, 37
N. Y., 126.) It is true that the State is the corporation, the people

the corporators. (2 Story on Const., §§ 1679–1686.) The governor is authorized to employ counsel to assist the attorney-general in suits prosecuted against or in behalf of "this State." (1 R. S., 165, § 15; 1 Edm. St., 164.) The State is technically the corporation — the sovereignty. "The people of this State" is frequently interchangeably used for the term "this State." (*People* v. *Bennett*, 37 N. Y., 126, 127, 128, 129; *Texas* v. *White*, 7 Wall., 721; *Collector* v. *Day*, 11 id., 124; *State of New York* v. *State of Conn.*, 4 Dallas, 1; 1 R. S., 65, § 3; 1 Edm. St., 79; 1 R. S., 172, §§ 13–17; 1 Edm. St., 172; 1 R. S., 179–181, §§ 1–17; 1 Edm. St., 180–182.) A crime is an offense against the people — the citizens in the aggregate. The title to the property in this case was in the State — the corporation. (*Texas* v. *White*, 7 Wall., 721.) The statute expressly provides that the term "person" or "individual"— which is its equivalent — shall include the State or a corporation. (2 R. S., 703, § 35; 2 Edm. St., 726.)

LEARNED, P. J.:

The plaintiff in error was convicted at the Albany Oyer and Terminer of forgery in the third degree, for making a false entry in a book of accounts kept in the office of the State Treasurer.

The statute under which he was indicted and convicted is as follows: "Every person who, with intent to defraud, shall make any false entry, or shall falsely alter any entry made in any book of accounts kept in the office of the Comptroller of this State, or in the office of the Treasurer, or of the Surveyor-General, or of any County Treasurer, by which any demand or obligation, claim, right or interest, either against or in favor of the people of this State, or any county or town, or any individual, shall be or shall purport to be discharged, diminished, increased, created, or in any manner affected, shall, upon conviction, be adjudged guilty of forgery in the third degree." (2 R. S. [m. p.], 673, § 34.)

The book of accounts, in which the alleged false entry was made, was a ledger, and the particular account in which the entry was made, was an account with the Mechanics and Farmers' Bank. The alleged false entry was on the debit side of that account. That entry, with the three which preceded, is as follows:

1873. July  1. To balance..................... 539,101 00
     "  15. " transfer .... ............. 200,000 00
     "  31. "    "     .................... 150,000 00
     Aug. "  "    "     .................... 200,000 00
     The entry which is charged to be false is
     "Aug. "  "    "     .................... 200,000 00."

No such transfer as is indicated by this entry was made, and it is conceded that the entry is false.

There are ninety-six counts in the indictment. The first forty-eight charge the forgery generally; each of the last forty-eight sets out a copy of the account as it existed before the false entry, a copy of the false entry, and a copy of the account as it was before the false entry had been made.

Each of these counts alleges, in substance, that there was a book of accounts kept in the office of the State Treasurer, called a ledger, in which there was an account between the people and the Mechanics and Farmers' Bank of Albany, to the tenor following: setting forth the account, which is headed "Mechanics and Farmers' Bank." It then avers that the plaintiff in error, with intent, etc., made a false entry in said book, by which a right (or claim, etc.) in favor of the people, "against the said Mechanics and Farmers' Bank of Albany," was created, etc., by falsely, etc., writing in said account between the people "and the said Mechanics and Farmers' Bank of Albany" the letters, etc., setting forth the false entry, "so that the aforesaid account between the people of the State of New York and the said Farmers and Mechanics' Bank of Albany, after such false entry," etc., was to the tenor following: setting forth the account again, headed "Mechanics and Farmers' Bank."

On the trial the plaintiff in error objected to the receiving of any evidence of the false entry under these counts, on the ground that the account was alleged to be with the *Farmers and Mechanics'* Bank, while the proof was of an account with the Mechanics and Farmers' Bank. The same objection was taken by motion to direct the jury to acquit on these counts, and in other ways.

It appears by each of these counts, that the account is first averred to be with the Mechanics and Farmers' Bank of Albany.

It is then set out, according to its tenor, and is there set forth as proved, with the heading "*Mechanics and Farmers' Bank.*"

The false entry is then said to create a right, etc., against the said *Mechanics and Farmers'* Bank of Albany; the account is again described as between the people and the *Mechanics and Farmers' Bank of Albany.* It is then averred that the aforesaid account between the people and the said *Farmers and Mechanics' Bank of Albany* was to the tenor following, and then the account is set forth with the heading "*Mechanics and Farmers' Bank.*"

The account, then, in both places where it is set forth, according to its tenor, is set, forth correctly.

The averments as to the parties between whom the account existed are correct. The only error is that once, in speaking of the "*aforesaid*" account, the words are added "between the people of the State of New York and the Farmers and Mechanics' Bank of Albany."

This is not a description of the account in which the false entry was made. That is correctly set forth, both as it was before, and also as it was after the false entry. Nor is it an allegation as to the parties to the account. They had been already correctly stated. It is merely a reference to an account already described; a reference by the word "aforesaid." No possible injury could be done to the plaintiff in error by the mistake. He could not be misled, for the account and the false entry are fully and correctly stated. And for the same reason he is in no danger of another trial for the same offense.

Where a prisoner was indicted for stealing United States legal tender notes, and the proof was of stealing national bank currrency, the court very properly reversed the conviction. They say that a conviction or acquittal on this indictment would not prevent another indictment for stealing another kind of money, that is, the national bank currency. (*People* v. *Jones*, 5 Lans., 340.) But the present case is certainly different from that and others similar to it.

Another objection arises on the following circumstances. In the several counts from the forty-eighth onward, wherever the account is set forth, one of the items in the debit side, in the year 1872, is "Nov. 28,      "      "      125,000." This is not the alleged false entry, nor is it an item to which the false entry refers; as it

might be said to refer to the three immediately preceding by the marks " " " . On the production of the ledger on the trial, it was claimed by the defense that the item was "Nov. 18, " " " 125,000," and the admission of the ledger was objected to on the ground of variance.

It is probable that the item ought to have been "Nov. 18." But the question is what the item in fact was. The witnesses acquainted with the handwriting of Phelps, who himself made the entries, testified that it was "Nov. 28." The original was by consent produced on the argument, and appears to be November twenty-eighth. It was read November twenty-eighth by the court, on the trial. But the judge, in submitting the case to the jury, charged that if this item was in fact written November eighteenth, and if the prisoner was thereby misled in preparing his defense to the indictment, they should acquit him.

When we consider that this item was no part of the false entry, and in no way affected the meaning of the false entry, this charge was sufficiently favorable to the plaintiff in error. "No indictment shall be deemed invalid, nor shall the trial, judgment, or the proceedings thereon be affected. * * * 4th. By reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant." (2 R. S., [m. p.] 728, § 52.) There was no evidence, so far as the testimony of witnesses went, that the item was not, November twenty-eighth. And an inspection of the paper by the court there and on this argument, showed the item to be as it was stated in the indictment.

Where objection is made to the admission of an instrument on the ground of variance, a question is presented for the decision of the court. It is difficult to see how the court can decide whether or not there is a variance, unless the court first determine what the language of the indictment is, and what is the language of the instrument offered in evidence. It seems necessary, therefore, in this instance, that before the court could decide whether there was a variance, the court must have determined what the figures were. (See *Hess* v. *State*, 5 Ohio, 8.)

Again : it is urged that the false entry could not possibly defraud any one; that it could not possibly affect any person or corporation in estate or property; that it is not forgery, under the circum-

stances of the case ; that, at all events, there must be a possibility of some person being defrauded by the false entry.

This question is to be determined not so much by the decision as to what constitutes a forgery at common law, as by the language of the statutes. The prisoner made a false entry in a book of accounts kept in the office of the Treasurer. Was the entry one by which a demand, etc., in favor of the people against the Mechanics and Farmers' Bank purported to be increased or affected? Now, it is to be observed that the statute, in its very language, implies that an entry may be made in these books of public officers by which a demand against a county, town or individual, as well as against the State, may be, or purport to be, created or increased. And it would seem that the object of this provision of the statute was to protect against any false entries in these books of account, whether the entries were or were not such as, between individuals, would be evidence against the person charged thereby. But the plaintiff in error urges that this entry, if genuine, could not have been given in evidence against the bank, and therefore was of no legal efficacy.

The case of *Biles* v. *Commonwealth* (32 Penn., 537), was an indictment at common law for forgery. The defendant, a clerk in a mercantile house, made a false entry in the journal, which represented the cash received as being less than the actual amount. He was convicted, and after a very careful discussion the conviction was sustained.

It was said that, though the journal would not be evidence for the firm in a court of law, yet, in equity, for collateral purposes, it might be evidence of their rights. Even, therefore, at common law, a false entry made by a clerk in his employer's journal, stating the cash received at less than the actual amount, is forgery.

The plaintiff in error cited the case *Reg.* v. *Hodson* (Beasely & Bell Cr. Cas., 3), which was an indictment at common law, and which holds that falsely altering a diploma, issued by the College of Surgeons, is not forgery. This was on the ground that there was no intent to defraud any particular person; and that is not the present case.

*Ex parte Winson* (6 Best & Smith [2 B. R.], 528), is a decision under the extradition treaty, holding that forgery, under that treaty, meant forgery at common law, and not forgery under the

New York statutes. It does not construe those statutes, nor touch the present question.

It was held in *Cunningham* v. *People* (4 Hun, 455), following other cases, that if the forged instrument is invalid on its face, it cannot be the ground for the conviction of this crime. But that decision does not apply to this case. Here the false entry is valid on its face. There is nothing in the entry itself which shows that if true it would be invalid. On the contrary, if true, it would have been as valid as any other entry in the book.· It must be noticed that the act which is charged against the plaintiff in error is not the falsely making of an instrument, or of a writing which purports to be the act of another. That is an offense forbidden by a previous section of the statutes. (Sec. 33.) The writing in this case, although false in fact, was the genuine writing of the person whose it purported to be — that is, of the plaintiff in error. And the statute does not imply that the false entry must purport to be that of some other person. It therefore contemplates that entries may be made in the books of these State officers, which shall affect or purport to increase or create claims against individuals. That is what this false entry did. It might be given in evidence after certain proof had been made in respect to these entries. (*Bank of Monroe* v. *Culver*, 2 Hill, 531; *Merrill* v. *Ithaca and Owego R. R. Co.*, 16 Wend., 586.; *Guy* v. *Mead*, 22 N. Y., 462.) So if the plaintiff in error were dead. (*Brewster* v. *Doane*, 2 Hill, 537; 1 Greenl. Ev., § 116 *et seq.*, and § 483 *et seq.*)

It is further insisted, in connection with this point, that there was no intent to defraud, because no fraud could result from the act. It is in proof, however, that the plaintiff in error had taken a large amount of money from the State; and the court left it to the jury to say whether he made this false entry, with the intention of covering up this illegal appropriation of money, and charged them that if he did, then he made the false entry with intent to defraud. In this we think that there was no error. What was the intent of the entry? The plaintiff in error had taken the money of the State. Thus, the amount on deposit appeared less than it ought to be. By making this false· entry the apparent amount on deposit was increased.

Suppose that, at the same ·time when he made this false entry,

he had taken the sum of $200,000; would not this entry have been plainly made, in such case, to conceal the theft, and with intent to defraud? As above remarked, this is not a case of passing off as genuine a forged instrument. But it is no less a crime, if done with a criminal intent. And if, in order to enable him, without speedy detection, to take this sum, he had made this false entry, can it be doubted that it would have been made with intent to defraud? And is the crime any different if he stole the money on one day, and made the false entry on the day after, for the purpose of concealing and covering up his theft?

It is just as necessary to the thief, in such a case as this, to cover up his theft. If he does not cover up and conceal the matter, the stolen money may be at once reclaimed. And it is just as much a fraud on the State to retain as to take the money. We think, then, that the charge was proper in this respect.

The judgment and conviction should be affirmed.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Ordered accordingly.