ELLA S. MORROW, BY GUARDIAN, ETC., RESPONDENT, *v.* JOHN J. OSTRANDER, TRUSTEE, ETC., APPELLANT.

*Memoranda — when admissible in evidence.*

Upon the trial of this action, brought by the plaintiff to recover for the breach of a contract made with her by the defendant's predecessor, the principal issue of fact was as to the genuineness of the signature of the school commissioner, Strough, to a certificate that she was qualified to teach. Upon the trial Strough was called as a witness, and testified that to the best of his knowledge and belief he did not sign or issue the certificate. He also testified that he kept a book, in which he entered the certificates issued by him during the month in which the certificate in question bore date. The counsel for defendant produced this book and offered it in evidence to show that it contained no entry of the certificate in question. Upon plaintiff's objection, the book was excluded. *Held,* that its exclusion was error.

The counsel for defendant asked Mr. Strough whether, during his term of office, he was accustomed to issue such certificates except upon a personal examination of the applicant, which question was, upon the objection of plaintiff's counsel, excluded. *Held,* that this was error.

APPEAL from a judgment of the Jefferson County Court, entered on a verdict in favor of the plaintiff, and from an order of the said court, denying a motion for a new trial made on the minutes, and on a case and exceptions, and also from an order of the county judge declining to pass upon the question of the trustee's good faith

This action was brought to recover for an alleged breach of contract in refusing to permit plaintiff to teach the school in defendant's district during the school year of 1875–76.

*D. O'Brien* (*Lansing & Rogers*), for the appellant.

*W. F. Porter*, for the respondent.

SMITH, J.:

That the defendant's predecessor in office had authority, on the last day of his term, to employ a teacher for the ensuing year, provided he acted in good faith, with due regard to the interests of the district, cannot be questioned; and whatever his motive may have been, if the plaintiff entered into the contract with him in good faith, and was ready and willing to perform on her part, the district is liable for the refusal of the defendant to permit her to teach the district school for the time agreed on. If, however, both parties to the contract acted collusively, with intent to defraud the district, or to embarrass the defendant in the discharge of his duties and the exercise of his authority as the trustee of the district, the contract was void for that reason. And the fact that the contract was made on the last day of the term of the outgoing trustee, was a circumstance for the jury to consider in determining whether the parties to the contract acted collusively. If the contract was valid, and was broken by the defendant, the plaintiff, if ready, willing, and offering to perform, was entitled to recover the wages stipulated by the contract, unless it appears that, by a reasonable effort on her part, she might have procured like employment elsewhere.

In accordance with these principles the cause was tried, and we would have no difficulty in affirming the judgment but for one or two rulings of the judge, on questions of evidence, which we are constrained to hold were erroneous and prejudicial to the defendant.

1. By the terms of the contract the plaintiff was to obtain a certificate from the school commissioner, Mr. Strough, that she was qualified to teach before commencing her school in the defendant's district. At the trial she produced and put in evidence a paper purporting to be what is called a "first grade" certificate, signed by Mr. Strough. The genuineness of the signature of the certifi-

cate was contested, and formed the principal issue of fact in the case. Upon that issue Mr. Strough was examined as a witness on the part of the defendant, and testified that, to the best of his knowledge and belief, he did not sign or issue the certificate in question. He also testified that he kept a record of the certificates issued by him. He produced a book which contained a record or memorandum kept by him of the certificates issued by him during the month of November, 1875, in which month the certificate in question bore date, and was alleged by the plaintiff to have been issued; and on his being asked to turn to the memorandum for that month, the plaintiff's counsel objected that it was an attempt to corroborate the statement of the witness by his own memorandum. The court then asked the witness if the book was one that he was required to keep by law, and on his answering that it was not, the court decided that the memorandum was not competent, and the defendant's counsel excepted. The defendant's counsel then offered to show that during the fall of 1875 the witness kept a book, in which he made entry of all certificates issued by him, specifying the grade of the certificate, and the person to whom issued, and that it contained no entry or mention of the certificate produced in evidence. The court excluded the offer, and the defendant's counsel excepted. The County Court seems to have excluded the memoranda on the ground that they were not required to be kept by law. Whether or not the memoranda were admissible, the reason assigned for excluding them was not sound. There is no distinction, in this respect, between entries which are required to be made officially or in the course of business, and those which are made voluntarily outside of the routine of the business of the party making them. Formerly, in this State, the rule admitting entries was restricted to those made by a person in the course of his business duties. (*Bank of Monroe* v. *Culver*, 2 Hill, 531; *Merrill* v. *The Ithaca and Owego R. R. Co.*, 16 Wend., 599.) But that restriction no longer exists. In *Halsey* v. *Sinsebaugh* (15 N. Y., 485) it was held that, in general, a memorandum made at or about the time when the event or transaction mentioned in it took place, and where the author swears that he knows it to have been correct when made, may be read to the jury in connection with the oral testimony of the witness. The memorandum in that case was the

minutes of testimony taken by the counsel upon a former trial of the cause, the matter to be proved being what a witness had sworn to on that trial, and it was held to be admissible. The rule there laid down was approved, and followed in *Guy* v. *Mead* (22 N. Y., 465). In that case it was held, that upon the question at what time the latter of two indorsements upon a promissory note was made, a paper is admissible evidence, which contains a computation of interest upon the note by a witness who swears that, when he made it, the note bore but one indorsement, but who has no recollection of the date of the computation independent of the paper.

The two cases referred to show that the entries of the school commissioner, in the case at bar, were not inadmissible for the reason that it was not his duty to make them. The present case differs from those cited in two particulars, but we think they do not take it out of the rule. They will be briefly adverted to.

In the two cases cited, the witness had no recollection of the fact sought to be proved, independently of the memorandum, while in this case the witness Strough had some recollection of what occurred at the time when the certificate in question was alleged to have been given, but he was not able to speak positively on the point, and went no further than to deny the giving of the certificate, according to the best of his knowledge and belief. His recollection being indistinct, but so far as it went, being in accordance with the memorandum, why was not the latter admissible as independent corroborating testimony? To exclude it, if it was honestly and correctly made, would be to reject a very satisfactory mode of arriving at the truth. At an early day the rule was that such a memorandum as is above described might be used to refresh the recollection of the witness, but could have no force as evidence, unless the witness, after referring to the memorandum, had a recollection of the facts to which the memorandum related. But that rule was abrogated by later decisions, which held that in such case a memorandum might be read as evidence of the fact contained in it, *although* the witness may have totally forgotten such facts at the time of the trial, not that the total want of recollection of the witness is a requisite to the admissibility of a memorandum made by him, but that it is no objection to its admissibility; much less does a partial failure of the recollection of the witness constitute a

reason for excluding his memorandum. Another respect in which the present case differs from those above cited, is that in this case the evidence furnished by the memorandum of the witness is of a negative character, while in the cases cited the memorandum contained positive affirmations as to the fact in dispute. But if the entries were accurately and promptly made, the absence of an entry on a particular day is some evidence that no certificate was granted on that day, and to that evidence, though slight perhaps, we think the defendant was entitled.

2. It appeared in evidence that the plaintiff was not examined by the commissioner, Mr. Strough, in respect to her qualifications as a teacher. Mr. Strough was asked whether, during his term of office, it was his custom to issue certificates of the first grade without a personal examination of the candidate. He was also asked whether he in fact signed or delivered any certificates of the first grade during his term, without a personal examination of the candidate. A general objection to each question was sustained, and the defendant's counsel excepted. It is to be assumed, for the present purpose, that an answer to those questions would have shown that the usual custom of the witness was not to issue a certificate till he had examined the applicant. The presumption would then have arisen that in this instance there was no departure from the usual course, and consequently that as there was no examination, no certificate was issued. (Greenl. Ev., § 40, note 6, and cases there cited.) We think the exclusion of each of the items of testimony above considered was erroneous. That the rulings were prejudicial to the defendant, cannot be doubted. The testimony offered in each instance bore directly upon the genuineness of the certificate, and its exclusion may have turned the scale in the plaintiff's favor.

The judgment and the order denying a new trial should be reversed and a new trial ordered, costs to abide the event. As the plaintiff has no present right to costs, the appeal from the order refusing to pass on the good faith of the defendant need not be considered, and a reversal of that order also follows as matter of course.

MULLIN P. J., and TALCOTT, J., concurred.

Ordered accordingly.